On November 5, 1948, plaintiff entered suit for the possession of a tract of land in Warren County, New Jersey. The matter came on before Judge Joseph L. Smith on an Agreed Statement of Facts and from a judgment in favor of the defendants the plaintiff appeals.
The pertinent facts, which are not in dispute, are that plaintiff, Beatrice Gausebeck, on July 22, 1936, became the owner of the property in question, by deed from her husband, August T. Gausebeck; on May 7, 1942, said August T. Gausebeck was repatriated to Germany by the United States Government and was voluntarily accompanied by the plaintiff; they resided in Lisbon, Portugal, until June, 1942, when they departed for Germany; in January, 1943, plaintiff became a resident of Paris, France, which was then occupied by the armed forces of Germany, and continued to reside in enemy-occupied territory until the end of that year. She was continuously absent from the United States from May 7, 1942, until the spring of 1948, when she returned to the United States where she has continued to reside. *Page 120 
By Vesting Order No. 654, on January 9, 1943, as amended on June 21, 1943, and September 21, 1943, the Alien Property Custodian determined that plaintiff was the owner of the property in question; that she was a national of a designated enemy country, namely Germany; that to the extent that she was not within a designated enemy country, the national interest of the United States required that she be treated as a national of a designated enemy country; and vested in himself the property in question, "subject to recorded liens, encumbrances and other rights of record held by or for persons who are not nationals of designated enemy countries."
Under date of July 16, 1945, the Custodian conveyed the property to defendant, "without covenants or warranties of any kind," by virtue of the Vesting Order. The deed contained the following language: "Meaning and intending to convey all of the right, title and interest acquired by the party of the first part under Vesting Order No. 654, dated January 9, 1943, and an Amendment thereto dated June 21, 1943, and an Amendment thereof dated September 21, 1943, and recorded as aforesaid."
The authority and action of the Alien Property Custodian is not challenged. It is argued that the conveyance was not designed to convey absolute and clear title, but reserved "prior liens, encumbrances and equities," and therefore the plaintiff's interest was not conveyed. We conclude that there is no merit in this point. Even assuming that such language reserved any right to plaintiff to acquire the property, which we do not, the deed contained language that clearly indicated that the "right, title and interest acquired" by the Custodian was conveyed to defendant. Therefore, the remedy is limited to proceedings as provided in the Trading with the Enemy Act.
The judgment under review is affirmed. *Page 121